UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RONICE WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-02143 |
| | ) |
| v. | ) |
| | ) |
| **DSV AIR & SEA, INC,** | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |
| | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Ronice Williams ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against DSV Air & Sea, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's race discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resided in DuPage County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for DuPage County, Illinois, whose address is 1300 North Arlington Heights Road, Itasca, IL 60143.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a Freight Forwarder on or about September 22, 2021.

13. Almost immediately after being hired, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

15. Plaintiff was the only African-American employee in her department.

16. In October 2021, Plaintiff (African-American) began to be subjected to higher performance standards than her non-African-American colleagues.

17. When Plaintiff would make a mistake, her manager would reprimand her, however when other employees not in Plaintiff's protected class would make a mistake, they would not be reprimanded.

18. On or around November 29, 2021, Plaintiff made a mistake and was put on a Performance Improvement Plan, and instructed to improve Key Performing Indicators while not making the same mistake.

19. Defendant never instructed Plaintiff as to what the Key Performing Indicators were, nor did Defendant provide Plaintiff feedback or access to any information regarding whether her Key Performance Indicators improved.

20. Despite not making another mistake, Plaintiff was terminated on December 6, 2021.

21. Other employees of Defendant, despite making similar and more egregious mistakes, were not reprimanded or disciplined, solely because they were not a member of Plaintiff's protected class.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

24. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

25. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

26. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Race-Based Discrimination

27. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

28. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

29. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

30. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

31. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**Race-Based Harassment**

32. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. Defendant knew or should have known of the harassment.

35. The race harassment was severe or pervasive.

36. The race harassment was offensive subjectively and objectively.

37. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

38. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of April, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*